## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,   )
                        )
      Plaintiff,        )
                        )
vs.                   )   Case No. CR-02-003-F
                        )
MARK D. RICE,         )
                        )
      Defendant.     )

## ORDER

Before the court is the defendant's Motion for Leave to Withdraw Conditional Pleas of Guilty, filed on May 26, 2006 (doc. no. 196).  Shortly after the motion was filed, the court entered an order directing the defendant to file a supplemental memorandum in support of his motion, the supplemental memorandum to address the question of whether, and to what extent, it is appropriate for the court, in considering the defendant's assertion of innocence, to examine the plausibility and factual basis for the assertion of innocence.  Order of May 30, 2006 (doc. no. 198).  As required by the May 30 order, the defendant filed his supplemental brief on June 19, 2006.  The government filed its response, addressing (as required by the court) only the issue raised in the May 30 order, on July 10, 2006 (doc. no. 202).

A defendant may be permitted to withdraw a plea of guilty after the plea is accepted by the court but before sentencing[1] if "the defendant can show a fair and just reason for requesting the withdrawal."  Rule 11(d), F.R.Crim.P.  The Court of

---

[1] For purposes of this order, the court assumes the correctness of defendant's contention (Motion, doc. no. 196, at 2) that he is before the court in the same procedural posture as he was before the original sentencing in December, 2001.

Appeals, sitting *en banc*, has articulated seven factors to be assessed by the trial court in determining whether the defendant has established that there is a "fair and just reason" for withdrawal of the plea.  As set forth by the *en banc* court in <u>United States v. Yazzie</u>, 407 F.3d 1139 (10th Cir. 2005), *cert. denied*, 126 S.Ct. 303 (2005), those factors are as follows:

> (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing his motion, and if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to the defendant; (6) whether the plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources.

*Id.* at 1142.

These factors have been recognized in this circuit at least since the Circuit Court's decision in <u>United States v. Gordon</u>, 4 F.3d 1567, 1572 (10th Cir. 1993) , *cert. denied*, 510 U.S. 1184 (1994).  Motions to withdraw guilty pleas before sentencing "are to be freely allowed and treated with liberality."  <u>United States v. Hickok</u>, 907 F.2d 983, 986 (10th Cir. 1990).   Nevertheless, the rule of "liberality" does not supersede the "fair and just" test.  *Id.*  Thus, "[g]iven the great care with which pleas are taken under [Rule 11], there is no reason to view pleas so taken as merely 'tentative,' subject to withdrawal before sentence whenever the government cannot establish prejudice."  *Id.* at 987.

Because the concept of "innocence," can have various meanings, the Court of Appeals has repeatedly addressed the sufficiency of the assertion of innocence by a defendant who seeks to withdraw his plea of guilty.  In <u>United States v. Carr</u>, 80 F.3d 413 (10th Cir. 1996), the Court of Appeals agreed with the district court's conclusion that the first factor (whether the defendant has asserted his innocence) "only requires

that [the defendant] assert his innocence." *Id.* at 420.  In <u>Carr</u>, the Court of Appeals did not engage in any extended discussion of the concept that the mere assertion of innocence is sufficient.  That factor was not central to the court's decision, because, although that factor was resolved in favor of the defendant, the court ultimately concluded that the district court had quite properly denied the motion to withdraw the plea.  As will be seen, subsequent Tenth Circuit cases establish with reasonable clarity that it is now an oversimplification to suggest that a mere assertion of innocence is sufficient to satisfy the first factor.

Less than a year after the Circuit Court's decision in <u>Carr</u>, the court affirmed the denial of a plea withdrawal motion in a decision which relied, in part, on the fact that the assertion of innocence was clearly at odds with the facts presented at the Rule 11 plea hearing and the facts established as true in the presentence investigation report.  <u>United States v. Graves</u>, 106 F.3d 342 (10th Cir. 1997).  In <u>Graves</u>, the court, after reciting the seven factors to be considered in determining whether "a fair and just reason" for withdrawal of the plea has been established, noted that the defendant asserted factual innocence, by way of his denial that he had been engaged in any drug trafficking crime.  *Id.* at 343-44.  The court noted that the defendant "therefore claims to be innocent," and that "he argues that his plea . . . lacked a factual basis." *Id.* at 344.  Against this backdrop, the Court of Appeals concluded that:

> Given the facts contained in the presentence report and Mr. Graves' oral and written representations to the district court at his <u>Rule 11</u> hearing, however, we are not concerned in this instance that an innocent defendant mistakenly pled guilty to a crime he did not commit.

*Id.* at 344.  As to the effect of the presentence report in this context, the court squarely held that the facts contained in the presentence report, as to which no objection was lodged, "are deemed admitted." *Id.* at 344 (citing <u>United States v. Deninno</u>, 29 F.3d

572, 580 (10th Cir. 1994), *cert. denied*, 513 U.S. 1158 (1995)).  This bolstered the court's conclusion that the defendant's "statements to the district court at his plea hearing also belie his claim of innocence." *Id.*[2]

In United States v. Black, 201 F.3d 1296 (10th Cir. 2000), the Court of Appeals upheld the denial of the motion to withdraw the plea, concluding that the district court properly applied the seven factors, and noted, without criticism of the district court's approach, that the district court did hear testimony from a government witness which supported the charge against the defendant. *Id.* at 1300. *But c.f.* Hickok, 907 F.2d at 987, where the Court of Appeals opined that the district court's comments about the strength of the government's case (in denying the motion to withdraw the guilty plea) were "perhaps ill-advised." *Id.* at 987.

It should also be borne in mind that a "selective assertion" of innocence, as where only certain elements of the government's case are denied, may be insufficient. *See* United States v. Allen, 65 Fed.Appx. 695 (10th Cir. 2003), at 697.[3] In Allen, the denial of only certain elements of the government's case (apparently the amount of drugs attributable to the conspiracy) amounted to a "failure to assert actual innocence." *Id.* Likewise, a "conclusory" assertion of innocence, if unsupported by other evidence, may be insufficient. United States v. Griffin, 2006 WL 2259216 (10th Cir. 2006).  This conclusion by the Tenth Circuit Court of Appeals is entirely consistent with decisions from other circuits. *See, e.g.*, United States v. Suter, 755 F.2d 523 (7th Cir. 1985), *cert. denied*, 471 U.S. 1103 (1985) where the court found that

---

[2]The court also stated that the facts established in the presentence report were appropriately taken into account by the district court in finding, when ruling on the motion to withdraw the plea, that there was indeed a factual basis for the plea. *Id.* at 345.

[3] Unpublished decisions are cited in this order, in accordance with Tenth Circuit rules, for their persuasive value in addressing a factual situation not squarely addressed by published cases.

a "conclusory reassertion of innocence falls far short of the 'fair and just' standard." *Id.* at 526.

As mentioned above, consideration must also be given to the distinction between *factual* innocence (*i.e.*, the defendant did not commit the acts charged) and *legal* or *technical* innocence. *See, e.g.*, United States v. Baum, 380 F.Supp.2d 187, 204 (S.D.N.Y. 2005), *aff'd sub nom* United States v. Best, 139 Fed.Appx. 366 (2nd Cir. 2005), where the court pointed out that the defendant's "claim of innocence, which was entirely conclusory, necessarily rested either on contradiction of the sworn statements made by her at the time of the plea or on the technical defenses raised by her counsel." *Id.* at 205. For this purpose, a "claim of right to suppression of evidence," asserted where the defendant "does not dispute that he committed the offense underlying the federal indictment," may well be insufficient as an assertion of innocence. United States v. Cervantes, 115 Fed.Appx. 1, at 9 (10th Cir. 2004) (internal quotation marks deleted).

In the case at bar, the defendant's assertion of innocence is noticeably guarded and, by any standard, conclusory. Motion, doc. no. 196, at 3-4. In his motion, the defendant, after lodging his bare assertion of innocence, goes on to assert that at the time of the original proceedings in this case, he did not have effective assistance of counsel, the argument being that, had he had effective assistance of counsel, "Mr. Rice would have proceeded to jury trial." Motion, at 13. Much of the argument which precedes that statement appears to be intended to suggest that adequate counsel, armed with adequate discovery, would have had more success on the motion to suppress. *Id.* at 7. However, overall, defendant's argument is much more informative as to what defendant believes his counsel failed to do than it is as to what defendant believes the practical result would have been if counsel had not failed to do the things defendant asserts he ought to have done.

For these reasons, the court is left in a high state of uncertainty as to the basis for the defendant's assertion of innocence.  The court cannot determine whether defendant's theory is that he is indeed factually innocent, or that he is "legally" (*i.e.*, technically) innocent because the case against him would have collapsed if he had had the benefit of effective assistance of counsel in connection with the motion to suppress and pursuit of the discovery necessary to support the motion to suppress.

Without a clear understanding of the basis for defendant's motion, the court would be required to undertake alternative hypothetical analyses of the application of the seven controlling factors.  This the court declines to do.

Factual innocence.  If the defendant asserts *factual* innocence, the court's analytical approach may be somewhat different than it would be if the assertion is of legal, or technical,  innocence premised on the supposition that if the defendant had had effective assistance of counsel, the motion to suppress would have been granted. For one thing, if the defendant asserts factual innocence, it is now clear under the more recent Tenth Circuit authorities that that assertion should be weighed in light of the facts presented at the Rule 11 colloquy in May, 2002 and the facts which are established without objection in the presentence report.   The facts which are established without objection in the presentence report are as follows:[4]

> 14.   At the end of November 2001, law enforcement officials were viewing one of the video tapes seized at the defendant's apartment labeled "Air Show."  In the tape the defendant was wearing shorts and sitting on the floor with a little girl who appeared to be four or five years of age.  The defendant was pulling up her panties then buttoning her pants.  He began to zip-up the zipper, then stopped and placed his fingers in the little girl's genital area and

---

[4]   As to disclosure, at the instance of the court, of matters set forth in a presentence investigation report, *see* Vol. X, Guide to Judiciary Policies and Procedures, Ch. 4, part D.

moved his fingers around.  He then zipped up her pants.  The defendant then removed his penis from his shorts and began to masturbate. He then leaned into the camera and pushed it away so it was then recording the floor.  It was later determined that the tape had been made at the school where the defendant taught in Mississippi.

15.    Upon further investigation, the police learned that while the defendant had taught in Mississippi, numerous children were interviewed as a result of allegations against the defendant. Mississippi authorities discovered information regarding a three and a half-year old girl, now nine years of age.  The investigation revealed that the defendant had taken her to the bathroom and the child later told her parents that the defendant had hurt her.  The child was pulling at her clothing in her genital area.  No charges were filed against the defendant in Mississippi.  It was also learned that after the defendant left the school, computers and a telescope were missing.

16.    In early December 2001, agents conducted a preliminary analysis of some of the computer disks that had been seized from the defendant's apartment.  The images on the disks contained nude, pre-pubescent children whose genitals were clearly exposed. Most of the children are posing and one of the images shows the child with her legs fully "spread eagle."  Another image depicted a fully nude two or three-year-old sitting on a lawn.  An adult is sitting behind her, pinching her breasts.  A third image shows a nude minor male and female.  The female is performing oral sodomy on the male.

17.    In mid-December, police conducted further analyses of images that were on one of the defendant's computers.  The images are of a young female child, approximately three to five years of age. There were two sets of images.  The first set of images is dated June 2001 and contains 11 images.  The images are of the child nude in the bathtub.  The focus of most of the images is her genitalia.   Law enforcement officials later learned that the defendant had told the child's stepmother that the child had been

taken to his house for a bath after they had been to a shopping mall.  He also advised that the child had found a digital camera and had accidentally taken several pictures of herself.

18.    The second set of images is dated August 2001 and depict the same nude child.  The child is shown sitting outside of the bathtub playing with toys.  The child was one of the children noted above as previously having been cared for by the defendant in her parents' absence.  She is also one of the children for whom the principal of ASTEC was concerned when she learned of the defendant's charges.

Technical innocence.  The other possibility, as has been discussed, is that defendant's assertion of innocence is based on the presupposition that the motion to suppress would have been granted had the defendant had effective assistance of counsel.  This approach, likewise, is not without problems.  At the time the defendant entered his conditional plea, he obviously knew that the court had ruled against him on his motion to suppress and he obviously knew what he had or had not done on Dr. Frieda Deskin's office computer.  If defendant's assertion of innocence is essentially technical in nature – *i.e.*, based on the assumption that, given another chance with another lawyer, he may succeed in getting incriminating evidence suppressed – then permitting him to withdraw his conditional plea would, in effect, allow him to speculate (retroactively – the best kind of speculation) on the outcome of the appeal in which he challenged the legality of the search.  It might be argued, in that event, that granting relief on the basis of that kind of an assertion of "innocence" would seriously undermine the salutary purpose served by the conditional plea procedure.

If the basis for the present motion is technical, rather than factual, that would quite likely, at a minimum,  affect the court's approach to consideration of the third (delay), fifth  (whether close assistance of counsel was available to the defendant) and

sixth (whether the plea was knowing and voluntary) of the controlling factors.[5]  As to the third factor, even if most of the four-year delay[6] in filing the motion is attributable to causes beyond the defendant's control, the court's evaluation of the effect of the defendant's delay in moving to withdraw his plea would depend, in part, in the extent of any impairment of the government's ability to marshal its evidence.  The extent of any such impairment might well depend on whether the evidence to be marshaled is evidence bearing on factual guilt or on the merits of a motion to suppress.

As to the fifth factor, the Court of Appeals made it clear in United States v. Gigley, 213 F.3d 509, 516-17 (10th Cir. 2000) that where ineffective assistance of former counsel is asserted in support of a motion to withdraw a guilty plea, the defendant must overcome a strong presumption that his counsel's performance fell within the broad range of reasonable professional conduct and that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.  Id. at 516-17 (citing United States v. Kramer, 168 F.3d 1196, 1200 (10th Cir. 1999)).  In the case at bar, it may be that the actual

_____

[5]  The court's reference to the seven controlling factors does not necessarily preclude consideration of other matters that do not easily fit into any of the seven factors articulated in Yazzie, supra.  For instance, if an assertion of factual innocence were to present any significant possibility that molestation victims would be required to testify, the court would, without hesitation, weigh that aspect of the matter very carefully in considering whether this defendant, who has convincingly admitted his predatory acts under oath, ought to be given another trip through the criminal process.  Cf., the detailed protective provisions of 18 U.S.C. § 3509, which demonstrate a strong federal policy supporting the protection of the interests of child victims and witnesses.

[6]  This motion actually requires the court to evaluate two periods of delay.  The first is the seven-month period between the plea in May, 2002 and sentencing in December, 2002.  The other period of delay is the period, overlapping the first period, from May, 2002 to the date of the filing of this motion in May, 2006.  Even as to the shorter period, the defendant's delay may be problematic.  See, United States v. Hollingsworth, 94 Fed. Appx. 743, 745 (10th Cir. 2004) (two-month delay excessive);  United States v. Seidlik, 231 F.3d 744, 749 (10th Cir. 2000) (seven months); United States v. Carr, 80 F.3d 413, 420 (10th Cir. 1996) (three months); and United States v. Guthrie, 64 F.3d 1510, 1514 (10th Cir. 1995) (four months).

issue presented by this motion is whether "but for counsel's errors," the defendant would have prevailed on his motion to suppress.  However, the papers before the court fall short of providing the necessary guidance as to the actual theory upon which the defendant now proceeds in support of his motion to withdraw his guilty pleas.[7]

After careful consideration, the court concludes, first, that it cannot analyze the application of the seven governing factors relevant to consideration of the present motion without the benefit of a solid understanding of the basis for the assertion of innocence, and, second, that, without that understanding, neither the necessity for an evidentiary hearing nor the nature of the factual issues to be addressed at such a hearing can be reliably determined.   In that connection, the court has carefully reviewed the transcript of the Rule 11 plea hearing, which was held on May 6, 2002. At that hearing, the defendant was questioned in detail as to the factual basis for his pleas of guilty to all four counts of the indictment.  His responses were unequivocal. Owing to the conclusory, bordering on cryptic, expression of the defendant's assertion of innocence in the papers now before the court, the court concludes that the necessary clarification may be obtained, substantially if not entirely, by requiring the defendant to respond once again to the questions that were put to him at the Rule 11 plea colloquy on May 6, 2002.  Accordingly, the defendant is directed to respond once again to the questions which were put to him at the plea colloquy.  Those questions are reproduced on Exhibit A, attached hereto.  The defendant's answers, which shall be made subject to the provisions of 28 U.S.C. § 1746, shall be set forth in the

---

[7]It should be noted, additionally, that if the assertion of innocence is technical, premised on an argument that, with effective assistance of counsel, the motion to suppress would have been granted (or, if the plea is withdrawn, will hereafter be granted), it may well be necessary for the court to consider whether the validity of the search is saved by the good faith of Det. Priscilla Helm, notwithstanding any possible misconduct by Dr. Deskin.  *See* United States v. Leon, 468 U.S. 897 (1984) and Franks v. Delaware, 438 U.S. 154 (1978).  This is yet another reason for which the basis for the present motion should be clarified before this matter proceeds further.

defendant's handwriting in the blanks provided on Exhibit A.  He may attach additional sheets, if necessary.  The defendant's handwritten responses shall be filed herein not later than 14 days after the date of this order.[8]  Those responses may be accompanied by any other filing defendant's counsel may wish to submit, by way of further supplement to the present motion, providing any further clarification of defendant's position which may be thought to be necessary.

With the benefit of the clarification which will result from defendant's compliance with this order, the court will determine the further course of proceedings on this motion.

Accordingly, defendant, Mark D. Rice, is **DIRECTED** to file his answers to the questions set forth on Exhibit A hereto within 14 days from the date of this order, as set forth above.

Dated October 24, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

02-0003p050(pub).wpd

---

[8] If the defendant elects to invoke his privilege against self-incrimination (which would seem odd, in the present circumstances), he shall so state.  In that event, the court will be required to determine whether, in the present context, the privilege may be asserted at all, and if it may be asserted, what effect that has on the present motion.