# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | Case No.  CR-02-0003-F |
| | ) | |
| MARK D. RICE, | ) | |
| | ) | |
| Defendant-Movant. | ) | |

## ORDER

Movant Mark D. Rice, a prisoner in federal custody under a sentence imposed by this court, asks the court to vacate his sentence under 28 U.S.C. § 2255.  (Motion at doc. no. 253;  memorandum at doc. no. 256.)  Mr. Rice has also moved to disqualify the undersigned from ruling on the § 2255 motion and seeks the appointment of a new judge.  (Doc. no. 268.)  The briefing is complete with respect to both motions.[1]

## Part I:  Motion to Disqualify

The court first addresses the motion to disqualify.  Mr. Rice seeks to disqualify the undersigned under 28 U.S.C. § 455 on grounds of personal bias.  Although Mr. Rice contends that he does not urge disqualification based on unfavorable rulings by the undersigned, his briefing states that he seeks relief "because of perplexing rulings against the greater weight of the evidence," and "court rulings that contradict each other and the United States Constitution."  (Doc. no. 270, p. 1.)

---

[1]The court grants Mr. Rice's "Motion Seeking Leave to File Included Reply to Government's Response." (Doc. no. 270.)  The court construes this document as constituting Mr. Rice's reply brief with respect to his motion to disqualify because the document states in its title that it includes the reply, and it develops Mr. Rice's reply arguments in four detailed pages of analysis.

Prior rulings in a proceeding do not ordinarily constitute grounds for disqualification, solely because they were adverse. <u>Nichols v. Alley</u>, 71 F.3d 347, 351 (10th Cir. 1995). Mr. Rice has not demonstrated that a reasonable person, knowing all of the relevant facts, would harbor doubts about the undersigned's impartiality. *See*, <u>United States v. Burger</u>, 964 F.2d 1065, 1070 (10th Cir. 1992) (stating test for recusal under § 455.) Moreover, there is as much an obligation for a judge not to recuse when there is no occasion for him to do so, as there is for him to recuse when there is such an occasion. *Id.*

Mr. Rice has not made the necessary showing so as to require disqualification and the motion to disqualify will be denied.

Part II: Motion to Vacate under § 2255

Turning to Mr. Rice's motion to vacate under § 2255, Mr. Rice asks for relief on four grounds.[2]

<u>Ground one</u> alleges ineffective assistance of counsel from Mr. J. W. Coyle, III, prior to Mr. Rice's plea hearing in 2002.

<u>Ground two</u> alleges ineffective assistance of counsel from Mr. Coyle during and after Mr. Rice's plea hearing in 2002.

<u>Ground three</u> alleges a variety of misconduct by the government and Dr. Freda Deskin, the chief executive officer of Astec Charter School in Oklahoma City where Mr. Rice worked at the time of his arrest.

<u>Ground four</u> alleges ineffective assistance of counsel by Federal Public Defender Susan Otto at a several-day hearing in 2007 on Mr. Rice's motion to

---

[2]This order addresses the core grounds for relief asserted by Mr. Rice. Because of the numerous components of each of Mr. Rice's four grounds for relief, the length of his filings, redundancies, and occasional lack of clarity, it is not practical for this order to separately address each specific statement made anywhere in Mr. Rice's papers.

withdraw his conditional guilty pleas, and during Mr. Rice's re-sentencing in February of 2008. Ground four also alleges ineffective assistance of counsel by Robert Gregg Levitt during Mr. Rice's second appeal.

Procedural Background[3]

In November of 2001, Detective Priscilla Helm of the Oklahoma City Police Department received a complaint which propelled an investigation of allegations that defendant Mark D. Rice had been viewing child pornography. More specifically, Dr. Freda Deskin, the chief executive officer at Astec Charter School in Oklahoma City where Mr. Rice taught at the time, told Detective Helm that on November 9, 2001, Dr. Deskin had accidentally logged onto Mr. Rice's America OnLine account at her school computer where she then discovered several sexually explicit emails. Dr. Deskin alleged that when a school technician opened some of these emails on November 14, 2001, the emails related to websites containing images of nude children and pedophilia-oriented literature.

Based on this information, Detective Helm obtained a search warrant which was executed at Mr. Rice's apartment on November 16, 2001. The fruits of the search included a videotape and other materials, and led to a four-count indictment of Mr. Rice filed on January 9, 2002. The indictment charged Mr. Rice with one count of producing child pornography, one count of transporting child pornography in interstate commerce, and two counts of possession of child pornography.

---

[3]The findings of fact stated in this section are based on evidence in the record such as testimony given during the hearing on Mr. Rice's motion to withdraw his pleas (August 2, 8 and 9, and findings and conclusions stated from the bench on September 9, 2007) and exhibits submitted with Mr. Rice's memorandum in support of his § 2255 motion as part of doc. no. 256.

Represented by J.W. Coyle, III, Mr. Rice moved to suppress the fruits of the search. After the motion to suppress was denied, Mr. Rice entered conditional guilty pleas to all four counts of the indictment. The pleas were entered on May 6, 2002. On December 4, 2002, Mr. Rice was sentenced to 262 months in prison.

Mr. Rice appealed the legality of the search. The result was <u>United States v. Rice</u>, 358 F.3d 1268 (10th Cir. 2004), referred to in this order as "<u>Rice I</u>." <u>Rice I</u> affirmed the undersigned's denial of Mr. Rice's motion to suppress, *id*. at 1276, but found that prior, uncharged conduct should not have been used to depart upward from the Sentencing Guidelines to increase both Mr. Rice's base offense level and his criminal history category. Accordingly, in <u>Rice I</u>, the Court of Appeals remanded the matter for re-sentencing. *Id*. at 1277.

On May 26, 2006, represented by Federal Public Defendant Susan Otto at the time, Mr. Rice moved to withdraw his guilty pleas. Mr. Rice alleged that Mr. Coyle had failed to represent Mr. Rice competently and that the government had concealed exculpatory evidence which, if Mr. Rice had known of it, would have caused him to go to trial rather than to plead guilty.

During several days in August of 2007, the undersigned held an evidentiary hearing on these issues. The court denied the motion to withdraw the guilty pleas on September 7, 2007, making extensive findings from the bench on the following matters.

1.    Mr. Coyle was a competent, experienced and successful criminal defense lawyer (particularly so with respect to defending sex crimes and pornography crimes).

2.    Mr. Coyle thoroughly, and at great length, explained the plea documents to Mr. Rice.

3.      It is doubtful that the opening of the "your request" email by Dr. Deskin as reported in Detective Helm's affidavit, would have, in and of itself, brought up on the screen the images reported to Detective Helm.  Even if Mr. Coyle could have proven misconduct on Dr. Deskin's part in this regard, however, such misconduct would make no legal difference because there was no basis for a conclusion that in Detective Helm's affidavit to the magistrate, Detective Helm provided any information which she knew to be false or which was included in the affidavit as a result of reckless disregard for the facts on her part.

4.      The search warrant affidavit accurately relates what Dr. Deskin told Detective Helm.  Detective Helm had no reason to doubt what Dr. Deskin told her.

5.      Mr. Coyle correctly determined that a Franks v. Delaware challenge to the search warrant would not be supportable with sufficient evidence and would therefore not be successful, because he could not prove intentional falsehood or reckless disregard on the part of the affiant, Detective Helm.

6.      As Public Defender Susan Otto acknowledged in her closing argument, John Coyle was correct in his assessment of this case at the beginning of the day and at the end of the day as a fourth amendment case.  Mr. Coyle's assessment of the case, and the court's, was that if a jury saw all of the fruits of the search, the possibility that Mr. Rice could avoid conviction was virtually nil.

7.      Mr. Rice's only realistic hope of avoiding a conviction rested on his fourth amendment challenge.  Once the motion to suppress was denied, Mr. Rice had no viable alternative to a conditional plea.  After hearing testimony about the offense and viewing the still and video images that the government would have shown to the jury, the possibility that Mr. Rice would have prevailed at trial was non-existent.

8.　　Considering the wide scope of the evidence heard in 2007 on the motion to withdraw Mr. Rice's conditional guilty pleas, the court heard all of the evidence, at that time, which could have possibly been presented in a challenge to the search warrant in 2002.  If, in early 2002, Mr. Coyle had obtained all of the information that was later in the possession of the defendant's counsel Ms. Otto, the vulnerability of the search warrant to a <u>Franks v. Delaware</u> challenge would have been no greater.

9.　　Mr. Coyle represented Mr. Rice effectively and any lapses on Mr. Coyle's part would not have made a difference in the result.  The outcome of this case in terms of the fourth amendment challenge and in terms of the plea process was not in any way affected by any defect or deficiency in the legal services rendered to Mr. Rice by Mr. Coyle.

10.　　During Mr. Coyle's representation of Mr. Rice, Mr. Rice had close assistance of counsel within the meaning of <u>United States v. Yazzie</u>, 407 F.3d 1139 (10th Cir. 2005).  Mr. Rice also had effective assistance of counsel within the meaning of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

11.　　At the time Mr. Rice entered his conditional plea he was alert, he grasped the realities of the situation, he understood what was going on, and he understood that he had no viable alternative to a conditional plea.

\* \* \* \* \*

On February 8, 2008, Mr. Rice was re-sentenced to 262 months in prison.

Mr. Rice again appealed, represented this time by appointed counsel Robert Levitt.  On appeal, Mr. Levitt primarily argued two issues.  First, he argued that Mr. Rice should have been allowed to withdraw his guilty plea under the standards of <u>Yazzie</u>.  Second, he argued that Mr. Rice's sentence was unreasonable.

The result of the second appeal was <u>United States v. Rice</u>, 310 Fed. Appx. 244 (10th Cir. 2009), referred to in this order as "<u>Rice II</u>." This decision, entered on February 4, 2009, affirmed this court's judgment, finding no abuse of discretion in the denial of Mr. Rice's motion to withdraw his guilty plea, *id*. at 248, and finding that this court properly exercised its discretion in re-sentencing Mr. Rice above the advisory guidelines range. *Id*. at 250.

In the portion of <u>Rice II</u> that dealt with the denial of the motion to withdraw his conditional guilty pleas, <u>Rice II</u> noted Mr. Rice's arguments that there had been confusion, and perhaps inaccuracy, in the description conveyed to police by Detective Helm regarding what was actually discovered on the school computer through Mr. Rice's America OnLine account. *Id*. at 247, n.4. <u>Rice II</u> also noted the argument that Mr. Coyle, and possibly the initial investigating officer and/or the school official, lacked sophistication in computer science. *Id*. <u>Rice II</u> stated that in <u>Rice I</u> the Court of Appeals had found that the district court properly denied Mr. Rice's motion to suppress, a motion which had been based on essentially the same arguments regarding confusion and lack of expertise. *Id*. <u>Rice II</u> then rejected Mr. Rice's efforts to call into question the propriety of the earlier ruling. *Id*.

On February 1, 2010, Mr. Rice filed the instant motion to vacate. His motion revisits a number of the same arguments that have previously been litigated, described above. Matters which Mr. Rice seeks to relitigate under the rubric of § 2255 include but are not limited to effective assistance of counsel by Mr. Coyle; the correctness of this court's denial of the motion to suppress; the correctness of this court's denial of the motion for leave to withdraw Mr. Rice's guilty pleas; arguments based on alleged inaccuracies in the information Dr. Deskin gave to Detective Helm or in the statement made by Detective Helm to procure the search warrant; and

arguments based on lack of expertise or misunderstandings of computer workings on the part of those involved, including Mr. Coyle, Dr. Deskin, and Detective Helm.

Standards and Legal Authorities

Section 2255 provides as follows.

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

> (b) Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

Section 2255 is not available to test the legality of matters that should have been raised on appeal. United States v. Khan, 835 F.2d 749, 753 (10th Cir. 1987). The failure of a defendant to present an issue on direct appeal bars the defendant from raising such an issue in a § 2255 motion to vacate a sentence unless good cause is shown. *Id.* To obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both cause excusing his double procedural default and actual prejudice resulting from the errors

-8-

of which he complains.  United States v. Frady, 456 U.S. 152, 166 (1982) (Frady claimed he had cause not to object at trial or an appeal).  Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on collateral attack by a motion pursuant to § 2255.  United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir. 1989).  Section 2255 is not an appropriate means by which to relitigate issues that have previously been considered and disposed of on direct appeal.  United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994).

Fourth amendment violations are not reviewable in a § 2255 motion when the defendant has had a full and fair opportunity to litigate the fourth amendment claim at trial and to present issues on appeal.  United States v. Cook, 997 F.2d 1312, 1317 (10th Cir. 1993).

A defendant who alleges a constitutionally ineffective assistance of counsel claim must satisfy a two-prong test.  Strickland v. Washington, 466 U.S. 668 (1984). A defendant must establish that counsel's representation fell below an objective standard of reasonableness.  Id. at 687.  To do this, a defendant must show that his counsel's performance was outside the wide range of professionally competent assistance.  Id. at 690.  Second, a defendant must establish a reasonable probability that absent counsel's objectively unreasonable representation, the outcome of the proceeding would have been different.  Id. at 694.  Counsel is presumed to have acted within the wide range of reasonable professional assistance.  Id. at 689.  The defendant bears the burden of overcoming this presumption.  United States v. Voigt, 877 F.2d 1465, 1468 (10th Cir. 1989), citing United States v. Cronic, 466 U.S. 648, 658 (1984). In the context of a guilty plea, a defendant cannot satisfy the second Strickland prong unless he establishes a reasonable probability that but for counsel's errors he would

not have pleaded guilty and would have insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Discussion

1.  Ground One:  Ineffective Assistance of Counsel

Prior to Plea Hearing in 2002.

Mr. Rice's first ground for relief is that Mr. Coyle failed to represent him adequately from November of 2001 until May of 2002 in a number of respects.

Mr. Coyle supposedly failed to investigate the case, failed to review discovery, failed to request additional discovery, failed to pursue an independent examination of computer data, failed to consult with his client, failed to present an alibi defense, failed to gain an understanding of the electronic evidence, failed to examine Detective Helm effectively concerning electronic evidence, and failed to inform his client or the court of Mr. Coyle's own serious health issues.  (Doc. no. 264, p. 11.)

Largely, these complaints are material, according to Mr. Rice, because they impact the ability to show the alleged falsity of Detective Helm's affidavit which was used to acquire the search warrant.[4]  In the same vein, Mr. Rice contends that Mr. Coyle did not request discovery or bother to review discovery.  This discovery, Mr. Rice contends, for example, would have shown that false information was knowingly

_____

[4]For example, Mr. Rice argues that although he provided Mr. Coyle with a long list of evidence he needed to recover pertaining to Detective Helm's sworn affidavit, Mr. Coyle did not adequately pursue these matters.  Mr. Rice argues that "[i]t is an undeniable legal fact that the start and legal foundation of the case [against him] is centered on a claim of alleged 'explicit e-mail's [sic]'," a phrase which comes from Detective Helm's affidavit.  Mr. Rice argues that "[i]t is inconceivable that any competent attorney would not make every possible [effort] to see if these email's [sic] existed or not."  Mr. Rice argues this is "especially true when his client gave him a copy of all emails and told him that Det. Helm and then [the] government had knowingly lied about the explicit emails."  Mr. Rice argues that he showed Mr. Coyle "how easy it would be to show everything in Helm's affidavit was false." (All at doc. no. 253,  handwritten p. G1-1.)

-10-

presented to the court to obtain the search warrant by Detective Helm. (Doc. no. 253, handwritten p. G1-2.) Mr. Rice also contends that Mr. Coyle failed to present alibi information regarding Mr. Rice's whereabouts, which Mr. Rice contends was material because Mr. Rice would have been required to be physically present at Dr. Deskin's computer in order for the affidavit facts to have been correct. (Doc. no. 253, handwritten p. G1-3.)

Rice II upheld the denial of Mr. Rice's motion to withdraw his guilty pleas after quoting the undersigned's findings in support of that denial. These findings included the fact that Mr. Rice had effective assistance of counsel at the time he entered the pleas. *Id*. at 247. Rice II further noted Mr. Rice's arguments about confusion or inaccuracies regarding what was actually discovered on the school computer, along with Mr. Rice's arguments that Mr. Coyle lacked sophistication in computer science. *Id*. at 247, n.4. Rice II quoted the undersigned's findings that even if Mr. Coyle had known as much about computer technology as the technical witnesses who testified at the hearing on the motion to withdraw, that knowledge would have changed nothing. *Id*. at 247. The reviewing judges in Rice II were unpersuaded, as was the undersigned, that Mr. Rice would have made different choices in 2001 or 2002 if he and his counsel had known then all of the facts they came to know at the time the motion to withdraw was heard in 2007. *Id*. at 247.

By affirming the denial of the motion to withdraw after this discussion of the evidence and the arguments heard by the undersigned, Rice II effectively affirmed this court's findings that Mr. Coyle provided "effective assistance of counsel within the meaning of Strickland v. Washington," and that "[t]he outcome of this case in terms of the Fourth Amendment challenge, and in terms of the plea process in the case, was not in any way affected by any constitutional defect or constitutional deficiency in the

legal services rendered to Mark Rice by Mr. Coyle." <u>Rice II</u>, 310 Fed. Appx. at 247-48; (and see Tr. of hearing on motion to withdraw at pp. 546, 548). Thus, Mr. Rice's first ground for § 2255 relief has already been the subject of findings against Mr. Rice by the undersigned as well as by the Tenth Circuit on direct appeal in <u>Rice II</u>. Alternatively, even if these matters had not previously been litigated, the court finds nothing in Mr. Rice's current papers which would support relief under § 2255 based on Mr. Rice's contentions regarding Mr. Coyle's representation in 2001 and 2002 prior to the plea hearing. The first ground for relief is rejected.

2. <u>Ground Two: Ineffective Assistance of Counsel</u><br><u>During and after the Plea Hearing in 2002</u>.

In his second ground for relief, Mr. Rice contends that Mr. Coyle's representation was constitutionally deficient during Mr. Rice's entry of his conditional guilty pleas, during the first sentencing, and during the first appeal.

Mr. Rice complains that Mr. Coyle failed to inform the court of Mr. Rice's deteriorating mental condition in jail, and of the effects of Mr. Rice's prescription drugs before the plea hearing. Mr. Rice complains that Mr. Coyle failed to inform Mr. Rice of the implications of entering pleas of guilty. Mr. Rice complains that Mr. Coyle failed to follow Mr. Rice's request to withdraw his guilty pleas, refused to allow Mr. Rice to review the pre-sentence report before the sentencing hearing, failed to present mitigating evidence at sentencing, represented Mr. Rice on appeal against his will, and failed to raise the proper issues on appeal. (Doc. no. 264, pp. 12-13.)

Many of these issues have already been litigated and have been the subject of a direct appeal which resolved these issues against Mr. Rice in <u>Rice II</u>. For example, as this court's findings stated at the hearing on the motion to withdraw reflect, the undersigned has previously ruled against Mr. Rice's contention that his mental

condition made his plea involuntary. The undersigned's findings also include the fact that the undersigned has no doubt, consistent with Mr. Coyle's statements at the hearing, that Mr. Coyle explained the plea documents to Mr. Rice at length. The correctness of the denial of the motion to withdraw the conditional guilty pleas was raised in the second appeal and the Court of Appeals ruled against Mr. Rice in that appeal. Rice II, 310 Fed. Appx. at 247-48. Thus, the above findings were effectively affirmed in Rice II and are not an appropriate subject for relief under § 2255.

As for issues raised by Mr. Rice in ground two that have not been the subject of prior litigation, the court finds that Mr. Rice has made no showing of the type of prejudice required under Strickland v. Washington. For example, if Mr. Coyle had followed Mr. Rice's instruction to move to withdraw his conditional guilty pleas, the outcome would have been no different than what it ultimately was. In that scenario, the motion would have been made and, just as the court did in 2007 when the motion was filed by Ms. Otto, the motion would have been denied. Another example of Mr. Rice's failure to show prejudice in his claims for relief in ground two that have not been previously litigated, is his contention that Mr. Coyle failed to share the pre-sentence report with Mr. Rice. Mr. Rice makes no allegation or showing regarding what harm this alleged failure caused, or how this failure impacted the sentence Mr. Rice ultimately received. Mr. Rice also contends that Mr. Coyle could have presented mitigating evidence at the first sentencing. Other than the previously litigated contention that Detective Helm and the government lied to the court, however, Mr. Rice has identified no such evidence, and he has not explained why any evidence would be mitigating.

With respect to Mr. Rice's contention that Mr. Coyle represented Mr. Rice in the first appeal against Mr. Rice's instructions, Mr. Rice has identified no grounds for

relief.  Criminal defendants do not have a constitutional right to represent themselves on appeal.  Martinez v. Court of Appeal of California, 528 U.S. 152, 163 (2000).  Moreover, Mr. Rice has identified no viable alternative legal theory that Mr. Coyle could have pressed during the first appeal, and he has not made allegations that would justify second-guessing Mr. Coyle's decision to winnow out the weaker arguments and concentrate on a few more promising issues on appeal.  Indeed, that approach met with some success as Rice I reversed Mr. Rice's sentence and remanded the case on that basis.

Some of the specific grounds for relief stated in ground two have previously been litigated and some have not.  To the extent they have been litigated through the appeal stage they present no basis for § 2255 relief.  Alternatively with respect to those previously litigated claims, and with respect to all claims not previously litigated, the court finds that no basis has been shown for § 2255 relief.  Mr. Rice's second ground for relief is rejected.

### 3.  Ground Three:  Miscellaneous Conduct by Dr. Deskin And the Government.

Mr. Rice's third ground for relief consists of miscellaneous allegations of misconduct on the part of Dr. Deskin and various government officials.

The majority of the specific complaints pressed in ground three relate to the validity of the search warrant.  For example, Mr. Rice alleges that the search warrant recited false information because there were not multiple explicit e-mails.  Mr. Rice alleges that Dr. Deskin could not have used Gator software to log onto Mr. Rice's AOL account accidentally.  Mr. Rice alleges that Detective Helm's testimony at the hearing on the motion to withdraw contained inconsistencies, contradictions and fabrications; that Detective Helm had inadequate investigative experience and ability;

-14-

that Detective Helm should have questioned Dr. Deskin's credibility; that Dr. Deskin lied to police; and that Dr. Deskin committed crimes by accessing websites containing child pornography.

All of these types of arguments were effectively resolved against Mr. Rice when the court made its finding, at the hearing on the motion to withdraw, that even if Mr. Coyle could have, at the 2002 hearing on the motion to suppress, proven misconduct on Dr. Deskin's part, such misconduct would make no legal difference. The undersigned found that the search warrant affidavit accurately relates what Dr. Deskin told Detective Helm; that Detective Helm had no reason to doubt what Dr. Deskin was telling her; and that if in early 2002 Mr. Coyle had obtained all of the information that was available at the 2007 hearing, the vulnerability of the search warrant to a Franks v. Delaware challenge would have been no greater.

Thus, in the main, Mr. Rice's arguments regarding the type of misconduct he alleges on the part of Dr. Deskin and Detective Helm were litigated before this court and through the appeal stage in Rice I, which affirmed denial of the motion to suppress; and in Rice II, which affirmed denial of motion to withdraw because Mr. Rice had effective assistance of counsel from Mr. Coyle. Mr. Rice cannot rehash these previously litigated arguments as grounds for relief under § 2255.

Ground three also alleges discovery violations by the government. For example, Mr. Rice renews a request for documents which has previously been denied by this court on the ground that Mr. Rice has not shown the request is more than a fishing expedition. The same conclusion remains true now. Mr. Rice has not explained how any discovery violations, or any additional evidence of any kind, would support relief under § 2255.

-15-

In sum, the arguments presented in ground three that have previously been rejected are rejected as grounds for § 2255 relief for this reason, and alternatively, because the court finds no basis for § 2255 relief with respect to these previously litigated arguments even if they had not been thoroughly litigated. With respect to the grounds that have not previously been litigated, the court also finds no basis for relief because Mr. Rice has not explained how any problems with discovery, such as any documents not previously provided or provided belatedly, would support relief under § 2255. The court rejects as grounds for relief the miscellaneous conduct which Mr. Rice charges against the government, including conduct by Detective Helm and Dr. Deskin.

### 4. Ground Four: Ms. Otto's and Mr. Levitt's Performance

In ground four, Mr. Rice attacks his representation by Susan Otto during the proceedings on his motion to withdraw his conditional guilty pleas and his re-sentencing proceedings. Mr. Rice also attacks his representation by his appointed counsel, Robert Gregg Levitt, during his second appeal.

### Representation by Ms. Otto

Mr. Rice complains that Ms. Otto should have obtained and reviewed 24,000 pages of documents which Mr. Rice contends would have been available to him through the Freedom of Information Act. Mr. Rice also contends that Ms. Otto should have insisted on production of a supplemental report referenced in a police document.[5] Mr. Rice, however, does not explain how any of these documents would have changed the result at the hearing on his motion to withdraw his pleas.

---

[5]In its objection to an evidentiary hearing on defendant's motion to withdraw his pleas of guilty, the government states that it does not know what document constitutes the referred to supplemental report and does not know whether such a supplement was ever created. (Doc. no. 211, p.10.)

Mr. Rice further complains that Ms. Otto should have argued that evidence which was offered at the hearing on his motion to withdraw his conditional guilty pleas was tainted. Mr. Rice does not identify which evidence was tainted or how such evidence could have changed the court's analysis or the result (denial of his motion), a result which was upheld in <u>Rice II</u>.

Mr. Rice also contends that Ms. Otto should have used a local attorney who better understood the issues. He contends that Ms. Otto should have hired an expert to testify regarding his mental condition and his conditions of confinement at the time of his guilty pleas. Mr. Rice offers, however, no specifics as to what this hypothetical expert would have said at the hearing. Mr. Rice also contends that Ms. Otto failed to argue established case law, failed to understand the underlying issues in order to examine and cross-examine witnesses, and failed to inform the court regarding the government's refusal to give access to both exculpatory and impeaching evidence. Mr. Rice further contends that Ms. Otto was ineffective because she did not honor his request to represent himself during his second appeal.

Mr. Rice has not alleged how any of the complained of conduct by Ms. Otto made a difference in the result at the hearing on the motion to withdraw his guilty pleas or during re-sentencing proceedings. He has not alleged how the conduct by Ms. Otto constitutes grounds for relief under § 2255.

Mr. Rice states: "Counsel failed to present a wide range of evidence and information, to include key witness statements that have a direct bearing on court conclusions and credibility issue's [sic]. It was her legal responsibility to show the court that every single claim made by the defendant to this or any other court in documents like (doc's 57/58, 77) was truthful and can be backed by evidence." (Doc. no. 253, handwritten p. G4-4.) This, however, is not the test for effective assistance

of counsel.  To the contrary, it was counsel's duty to use her professional judgment to focus the court's attention on the critical, material issues, which she did very proficiently[6] although the court's analysis, in the end, was that under <u>United States v. Yazzie</u>, 407 F.3d 1139 (10th Cir. 2005), the motion to withdraw the guilty pleas should be denied.  This ruling was upheld in <u>Rice II</u> despite the circuit's observation that in the district court proceedings there had been some confusion or inaccuracies regarding the technicalities of certain computer operations.  <u>Rice II</u>, 310 Fed. Appx. at 247, n.4.

Mr. Rice's papers do not show that any action or failure to act on Ms. Otto's part caused the imposition of a sentence that was in violation of the Constitution or laws of the United States or was otherwise subject to collateral attack.  Mr. Rice has not shown that Ms. Otto's conduct deprived him of effective assistance of counsel under the standards of <u>Strickland v. Washington</u>.  To the extent Mr. Rice seeks relief based on conduct by Ms. Otto, relief will be denied.

Representation by Mr. Levitt

After Mr. Rice's re-sentencing, his appointed counsel for purposes of his second appeal, Mr. Levitt, focused on two arguments on appeal:  whether the district court erred when it failed to grant Mr. Rice's motion to withdraw his conditional guilty pleas, and whether the district court abused its discretion when it imposed an upward variance from the Sentencing Guidelines.  Mr. Rice complains that Mr. Levitt failed to raise on appeal many of the issues which Mr. Rice now seeks to re-litigate in this motion.  These issues include allegations that the government withheld 400

---

[6]  The court cannot but observe that Ms. Otto proceeded, under factually and legally challenging circumstances, in accordance with the court's highest expectations of criminal defense counsel.

emails until August of 2007; that there were no explicit emails per those referred to in Detective Helm's affidavit; that Detective Helm's account in 2002 was suspect and changed between 2002 and 2007; that Mr. Coyle failed to represent Mr. Rice adequately; that the government failed to turn over a supplemental report referred to in a government document; that the government failed to produce the 24,000 pages referenced in its response to Mr. Rice's Freedom of Information Act request; that Mr. Rice's mental state compromised his ability to enter his conditional guilty pleas; that the court improperly accused Mr. Rice of lying; that the court's rulings contradicted the evidence and each other; and that the court had insufficient grounds to impose an upward departure which Mr. Rice alleges was based on false information in the pre-sentence report.

It was Mr. Levitt's duty to exercise his professional judgment to select the most promising issues for appeal, and he did just that. *See*, United States v. Cook, 45 F.3d 388, 394-95 (10th Cir. 1995) (appellate counsel engage in a process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, quotations omitted).

Moreover, while organizing his appeal around the two main points described above, in his briefing Mr. Levitt did in fact raise a number of these issues on appeal including various discovery issues, Mr. Coyle's representation, Mr. Rice's mental condition at the time of the plea hearing, and the legality of the upward variance. Some of these issues, such as Mr. Rice's mental state when he entered his guilty plea, were expressly addressed in Rice II.

As was the case in Mr. Rice's arguments based on Ms. Otto's representation, Mr. Rice argues that "[i]t was Mr. Levitt's job to point out that every claim made by the defendant has been proven to be true." (Doc. no. 253, handwritten p. G4-14.)

Again, however, this is not the test for effective assistance of counsel – nor is it a recipe for success on appeal. And as has been noted elsewhere in this order, Mr. Rice was not constitutionally entitled to represent himself on appeal.

Mr. Rice has not alleged or shown ineffective assistance of counsel on the part of Mr. Levitt during the second appeal.

## 5. <u>No Need for a Hearing</u>

The court has already heard extensive evidence in support of the majority of Mr. Rice's claims for collateral relief. It has also carefully reviewed the documents submitted by Mr. Rice in support of his motion. Although Mr. Rice's complaints regarding the representation afforded him by Ms. Otto and Mr. Levitt have not been previously presented, many of Mr. Rice's other contentions have been thoroughly aired, by both evidence and argument, and have even, in many cases, been litigated through the appeal stage. Ultimately, all counsel (as well as Mr. Rice, as indicated by the focus of his arguments) concede that the validity of the search warrant has at all times been the crucial issue with respect to Mr. Rice's decision to enter a conditional plea or go to trial. That issue has long been put to rest on appeal. Nothing stated by Mr. Rice in his moving papers persuades the court that there is anything material left to be heard or uncovered with respect to that, or any other, issue.

The motion, court file, and records in this case conclusively show that the prisoner is entitled to no relief. Accordingly, no hearing is necessary on Mr. Rice's motion. *See*, 28 U.S.C. § 2255.

## Part III: Rulings

Mr. Rice's motion to disqualify the undersigned from ruling on his § 2255 motion is **DENIED**.

Mr. Rice is not entitled to relief based on any of the grounds presented in support of his § 2255 motion.  The motion to vacate is **DENIED**.

Dated this 18th day of January, 2011.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

02-0003p072.wpd